NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 15 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> HECTOR SANCHEZ-SANTILLAN, a.k.a. Miguel Sanchez-Lopez, <br><br> Defendant-Appellant. | No. 18-50035 <br><br> D.C. No. 3:17-cr-02601-LAB <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted June 12, 2018**

Before:    RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Hector Sanchez-Santillan appeals from the district court's judgment and

challenges the 24-month sentence imposed following his guilty-plea conviction for

attempted reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Sanchez-Santillan contends that the sentence is substantively unreasonable because the aggravating circumstances identified by the district court were insufficient to justify an upward variance from the Guidelines range and the district court placed too much weight on his prior domestic violence conviction. The district court did not abuse its discretion in imposing Sanchez-Santillan's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Contrary to Sanchez-Santillan's argument, the district court explicitly and repeatedly stated that it considered his domestic violence conviction to "a lesser extent." The district court primarily focused on Sanchez-Santillan's 17 previous deportations and exclusions, and the failure of a prior 12-month-and-one-day sentence for his last immigration offense to deter him from returning unlawfully. In light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors, the above-Guidelines sentence is substantively reasonable. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

18-50035